NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

OPELIA RAE ANTHONY, *Petitioner,*

*v.*

THE HONORABLE KAY H. WILKINS, Judge Pro Tem of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
APACHE, *Respondent Judge Pro Tem,*

CHRISTOPHER ANTHONY, *Real Party in Interest.*

No. 1 CA-SA 15-0237
FILED 9-24-2015

---

Petition for Special Action from the Superior Court in Apache County
No. DO 2014-118
The Honorable Kay H. Wilkins, Judge Pro Tem

**JURISDICTION ACCEPTED, RELIEF GRANTED**

---

COUNSEL

By Gary L. Thomas, Phoenix
*Counsel for Petitioner*

Hamblin Law Office, P.L.C., Eagar
By Bryce M. Hamblin
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

---

**G E M M I L L**, Judge:

¶1        Petitioner Ophelia Anthony ("Mother") seeks special action review of the Apache County Superior Court's order awarding Real Party in Interest Christopher Anthony ("Father") legal decision-making and parenting time of their child, E.B.  Mother argues that Apache County lacked jurisdiction to determine legal decision-making authority and parenting time for E.B.  We accept jurisdiction and grant relief as described herein. *See J.D.S. v. Franks*, 182 Ariz. 81, 84 (1995) (treating as a special action a challenge to Arizona's jurisdiction over a child custody determination); *see also J.A.R. v. Superior Court in and for Cnty. of Maricopa*, 179 Ariz. 267, 272-73 (App. 1994).

¶2        Mother argues that an Arizona state court is not the proper forum to determine legal decision-making or parenting time for E.B. because Arizona is not E.B.'s "home state."   Under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") as adopted in Arizona, Ariz. Rev. Stat. ("A.R.S.") §§ 25-1001 to -1067, a child's home state has original and exclusive jurisdiction over initial child custody determinations.  A.R.S. § 25-1031(A)(1).  A home state is "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding."  A.R.S. § 25-1002(7)(a). Mother asserts E.B. has "never resided in Arizona for 'home state purposes,'" but instead lived and still lives on the Navajo Indian Reservation.  The UCCJEA provides that an "Indian tribe" is treated as a separate state for purposes of making a home state determination.  A.R.S. § 25-1004.  Mother therefore argues that the Navajo Nation, rather than Arizona, is E.B.'s home state.

¶3        An Arizona court making a determination of child custody must confirm its authority to do so:

> Before it conducts a proceeding concerning legal decision-making or parenting time, including a proceeding to determine the legal decision-making or visitation of a

2

> nonparent, *a court in this state first must confirm its authority to do so to the exclusion of any other state, Indian tribe or foreign nation* by complying with the uniform child custody jurisdiction and enforcement act, the parental kidnapping prevention act and any applicable international law concerning the wrongful abduction or removal of children.

A.R.S. § 25-402 (emphasis added).  In this case, the Superior Court directed the parties to submit memoranda regarding its jurisdiction to make legal decision-making and parenting time determinations concerning E.B.  The court then concluded it had jurisdiction over E.B.  Neither party, however, addressed the specific issue of E.B.'s home state under the UCCJEA in memoranda submitted to the court, and the record before us does not sufficiently indicate whether the child's home state is Arizona, the Navajo Nation, or another state.  It is also unclear from our limited record whether the parties complied with A.R.S. § 25-1039 by submitting to the court, under oath, information about the child's past and present living situations.  As a result, we are unable to determine whether the court adequately confirmed its authority to determine legal decision-making and parenting time regarding E.B.

¶4            Accordingly, we vacate the Apache County Superior Court's under advisement order filed August 19, 2015 and direct the court to make specific findings of fact and conclusions of law regarding E.B.'s home state in accordance with A.R.S. §§ 25-402 and 25-1031.  The court in its discretion may solicit additional evidence or may determine it already has sufficient evidence to make the necessary findings of fact and conclusions of law.  Additionally, we hereby lift the stay of custody proceedings granted by this court in its order filed September 3, 2015.

¶5            Both parties have requested attorney fees under A.R.S. § 25-324(B) and Arizona Rule of Procedure for Special Actions 4(g).  In our discretion, we decline to award attorney fees to either party.  Mother is entitled to her taxable costs in this proceeding upon compliance with Arizona Rule of Procedure for Special Actions 4(g).

